UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMAJIO JEROME ELLIS,

      Plaintiff,

         v.                        CAUSE NO. 3:26-CV-731-GSL-APR

SHANTEL, et al.,

      Defendants.

## OPINION AND ORDER

Demajio Jerome Ellis, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ellis is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ellis is an inmate at Miami Correctional Facility (MCF). He claims that in late April 2026, he was transferred from a restricted housing unit to general population. He claims that since that time, he has been the victim of several sexual assaults because

inmates view him as a "snitch." It can be discerned that he was moved to another cellhouse on May 23, 2026, but he claims he is still in danger there. Based on these events, he sues 13 prison staff members seeking $13 million in damages and various forms of injunctive relief.

The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Here, the complaint does not describe any particular acts by particular defendants that caused Ellis injury. Instead, he makes broad allegations against "staff" and "defendants" collectively, which is not sufficient to state a claim against any individual. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to

"defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

His complaint can be read to allege that he is currently in danger, and the Warden of MCF is responsible for ensuring that inmates within his custody receive protection from other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, Ellis is already proceeding on a claim for injunctive against the Warden of MCF in another case regarding his ongoing need for protection from other inmates due to his having been labeled a snitch.[1] *See Ellis v. Mauk, et al.*, No. 3:26-CV-279-GSL-APR (N.D. Ind. filed Mar. 4, 2026). It is considered malicious for him to use the *in forma pauperis* statute to file a lawsuit that duplicates claims contained in another pending case. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal

---

[1] Ellis also alleged in a third lawsuit, which was recently dismissed on exhaustion grounds, that he was in danger from other inmates at MCF. *See Ellis v. English, et al.*, No. 3:25-CV-422-JEM (N.D. Ind. closed Apr. 22, 2026.) He moved for a preliminary injunction, but the motion was denied after the court concluded he was safe in his current housing assignment in the administrative segregation unit. *Id.*, ECF 21. In late March 2026, he filed another preliminary injunction motion, asserting that he was due to be transferred to general population at MCF and would be in grave danger if that occurred. *Id.,* ECF 56. The court ordered a response to that motion, and the Warden submitted evidence that it was Ellis himself who requested the transfer to general population; the Warden further stated that Ellis was free to remain in the segregation unit if he felt that was necessary for his safety. *Id.*, ECF 58. The case was dismissed a short time later on exhaustion grounds without a resolution of Ellis' assertions. *Id.*, ECF 60. It appears from his present filings that he opted to proceed with his request for a transfer to general population.

3

lawsuit that duplicates claims in another pending lawsuit can be dismissed). He will not be granted leave to proceed on this duplicative claim.

He also includes allegations about certain medical issues that are allegedly not being treated. To state a claim for the denial of medical care under the Eighth Amendment, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722. Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

Here, Ellis offers only vague allegations about "nurses" ignoring him. These type of general allegations against a group of persons do not state a claim under federal

pleading standards. *Brooks*, 578 F.3d at 580. He has not included enough information for the court to plausibly infer that any medical professional named in the complaint exhibited conduct akin to criminal recklessness in connection with a serious medical need. His complaint might be read to allege a claim for injunctive relief against the Warden pertaining to his ongoing need for medical care, but Ellis already has a case pending regarding his medical care, including a claim for injunctive relief against the Warden. *See Ellis v. English, et al.*, No. 3:25-CV-1051-GSL-APR (N.D. Ind. filed Dec. 16, 2025.) He will not be permitted to proceed on a duplicative claim for injunctive relief in this lawsuit.

He also asserts state law claims for negligence and intentional infliction of emotional distress, but because his complaint does not state a viable federal claim, he will not be permitted to proceed on any state law claim at this stage. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to replead, consistent with the allegations he has already made under penalty of perjury, before the case is dismissed. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

5

Along with his complaint, Ellis filed a motion seeking emergency injunctive relief. (ECF 4.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—

6

"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in  correctional setting).

Ellis' motion requests broad forms of relief, including a transfer to the prison infirmary, certain types of medical care, assignment to a one-person cell, and the installation of an intercom system in his cell.[2] It is worth noting that the court can only grant him relief that is "narrowly drawn" and uses "the least intrusive means to correct the violation of the federal right." *Westefer*, 682 F.3d at 681; *see also Rasho*, 22 F.4th at 711-13 (observing that an "injunction went well beyond the limits imposed by the PLRA," where the court "mistakenly conflated what is constitutionally adequate . . .  with what is constitutionally required"). His broad requests do not meet this standard. Furthermore, he has not yet stated a claim for relief under federal pleading standards, let alone established a likelihood of success on any claim. The motion will be denied at this stage, although he may renew his request if he believes himself to be in need of

---

[2] Ellis made some of these same requests in his two other pending cases, and his requests were denied. *See Ellis,* No. 3:25-CV-1051-GSL-JEM, ECF 24; *Ellis*, 3:26-CV-279-GSL-APR, ECF 7.

emergency relief, either in this case, or in his other pending cases alleging claims related to his need for protection and need for medical care. He is cautioned that any renewed motion filed in this case must not duplicate relief he is seeking in another case.

For these reasons, the court:

(1) DENIES the plaintiff's motion for emergency injunctive relief (ECF 4);

(2) GRANTS the plaintiff until **June 29, 2026**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A for the reasons outlined in this order.

SO ORDERED on May 28, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

8